UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHY A. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration, [1]<br><br>　　　　　Defendant. | CASE NO. 12-cv-05415 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B) |

　　　　This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 1

1 | 42 U.S.C. § 406(b) (*see* ECF No. 28). Defendant has no objection to plaintiff's request (*see* ECF
2 | No. 29).

3 |     The Court may allow a reasonable fee for an attorney who represented a Social Security
4 | Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in
5 | excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*
6 | *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first
7 | to such agreement and will conduct an independent review to assure the reasonableness of the
8 | fee requested, taking into consideration the character of the representation and results achieved.
9 | *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the
10 | fee agreement is the primary means for determining the fee, the Court will adjust the fee
11 | downward if substandard representation was provided, if the attorney caused excessive delay, or
12 | if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151
13 | (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

14 |     Here, the representation was standard, at least, and the results achieved excellent (*see*
15 | ECF No. 28, Attachments 2, 3). *See Grisbrecht, supra*, 535 U.S. at 808. Defendant stipulated to
16 | remand the matter subsequent to plaintiff's filing of her Opening Brief, and the Appeals Council,
17 | following remand, awarded benefits to plaintiff without remanding the case to an Administrative
18 | Law Judge for further proceedings.

19 |     Plaintiff's total back payment was $26,930.32 (*see id.*, Attachment 3). Plaintiff has
20 | moved for a net attorney's fee of $3,000.00 (*see* Motion, ECF No. 28, pp. 3-4), and the Court has
21 | considered plaintiff's gross attorney's fee of $5,034.75 (plus $19.20 in expenses); the EAJA
22 | award received by plaintiff's attorney in the amount of $2,053.95; and the $3,000 offset to that
23 | EAJA award that was seized pursuant to the Department of the Treasury's Offset program (*see*
24 |

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1  *id.; see also* ECF No. 28, Attachments 4, 5). *See* 31 U.S.C. §§ 3711(a), 3716(a); *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

3  Based on plaintiff's motion and supporting documents (*see* ECF Nos. 28, 28-1, 28-2, 28-3, 28-4, 28-5), and with no objection from defendant (ECF No. 29), it is hereby ORDERED that attorney's fees in the amount of $3,000 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).

7  Dated this 22nd day of May, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3